# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAWRENCE LITTLE, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-19-441 |
| PATRICE JOHNSON, | * | |
| Defendant | * | |

## MEMORANDUM

This civil action was filed on February 14, 2019, by Lawrence Little, who is self represented. ECF 1. He alleges that his union representative "failed to represent" him "in matters that may occure [sic] on the job." ECF 1 at 5. Therefore, he seeks the return of his union dues and additional damages.

On his civil cover sheet, Mr. Little invokes the federal question jurisdiction of this court. ECF 1-1. He cites the First Amendment, breach of his union contract, negligence, and "discrimination" as the bases for his complaint. ECF 1 at 5-6. From the summons, it appears that Defendant Patrice Johnson is a union representative for AFSCME Council 67, located in Baltimore, Maryland. ECF 1-2.[1]

Plaintiff's motion to proceed in forma pauperis, filed with his complaint (ECF 2), shall be granted.

The in forma pauperis statute, 28 U.S.C. § 1915(a)(1), permits an indigent litigant to commence an action in this court without prepaying the filing fee. However, to guard against

---

[1] AFSCME, the American Federation of State, County and Municipal Employees, is the largest trade union of public employees in the United States. *See* https://www.afscme.org/union/about (last reviewed February 21, 2019).

possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe pleadings filed by self-represented litigants,. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Moreover, the court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

A plaintiff fails to state a claim upon which relief may be granted under 28 U.S.C. §1915A(b)(1) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting *Twombly,* 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' *Twombly,* 550 U.S. at 557. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 555.

Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The court may also

anticipate affirmative defenses that clearly appear on the face of the complaint. *Todd v. Baskerville,* 712 F.2d 70 (4th Cir. 1983).

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994)).

Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh,* 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz,* 599 U.S. at 96; *McBurney v. Cuccinelli,* 616 F.3d 393, 408 (4th Cir. 2010). And, under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick,* 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.,* 298 U.S. 178 (1936)).

Here, the substance of the complaint does not provide any basis for federal question jurisdiction. Mr. Little does not indicate the municipal or state agency in which he worked; he does not disclose why he was discharged from employment; he does not indicate when such discharge occurred; and he does not allege what role, if any, his union representative took on his behalf. Even had he done so, this complaint does not adequately state a federal claim, as it does not rely upon an allegation that federal statutory or constitutional law was violated.

3

Because Mr. Little is proceeding on his own behalf, the court has also considered whether jurisdiction may be based on diversity of citizenship. Under 28 U.S.C. § 1332(a)(1), diversity jurisdiction may be found "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." With exceptions not applicable here, diversity jurisdiction under § 1332 also "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

The rule in actions commenced by plaintiffs in federal court has been that "the citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." *Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir. 1989). In *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999), the Court explained: "Because diversity jurisdiction depends on the citizenship status of the parties at the time an action commences, we must focus our jurisdictional inquiry solely on that time."

In this case, plaintiff appears to be domiciled in Maryland. The address provided for the defendant is in Baltimore, Maryland. Because both parties are within Maryland, the possibility of diversity jurisdiction is defeated. Moreover, it does not appear that the damages sought meet the $75,000.00 amount in controversy required under the diversity statute. *See* 28 U.S.C. § 1332(a).

There is nothing contained in Mr. Little's pleading that might lead any reasonable person to believe that a viable federal cause of action has accrued on his behalf, or that jurisdiction otherwise lies with this court. Therefore, I shall dismiss the complaint, without prejudice.

An Order follows.

Date: February 22, 2019

/s/
Ellen L. Hollander
United States District Judge